UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XAVIER WATKINS,

        Plaintiff,

    v.                                                  Case No. 20-C-267

BARBARA KRAMER,

        Defendant.

## SCREENING ORDER

Plaintiff Xavier Watkins, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $5.71. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on November 26, 2019, he was placed on mental health observation in the restricted housing unit. Shortly after his placement, Plaintiff engaged in self-harm by biting his left arm. He created a visible hole in his arm and spit blood on the wall. Health Services Unit (HSU) staff cleaned Plaintiff's wound and gave him a bandage.

2

On December 1, 2019, Defendant Kramer conducted a wellness check to ensure the safety of the inmates who are at risk of self-harming behavior. Plaintiff asked Defendant for bandages to cover his wound because his old bandage had fallen off at approximately 7:15 a.m. Defendant advised Plaintiff, "I can't." Plaintiff told Defendant that if she asked the nurses, they would give her one. He tried to show Defendant his old bandage in the window. Plaintiff alleges Defendant walked away, leaving him distressed and thinking he would not receive a clean bandage. Plaintiff spoke to another staff member, who directed Plaintiff to calm down and advised that he would handle the situation. Plaintiff was escorted to the shower stall between 7:55 a.m. and 8:15 a.m. and did not receive bandages. Plaintiff was escorted to his cell after the shower. Defendant advised Plaintiff that bandages would be in his cell. When Plaintiff was secured in his cell, he yelled for staff to come back because there were not any bandages in his cell. Defendant returned to Plaintiff's cell and advised that she had the bandages in her pocket but would give them to Plaintiff in five minutes.

Plaintiff claims that, due to the stress caused by Defendant, he began self-harm by biting a hole into his arm. Defendant performed a wellness check and saw Plaintiff biting himself but did not intervene or notify a supervisor of Plaintiff's behavior. Plaintiff continued to bite himself and spit blood at the window. A second staff member ordered Plaintiff to stop biting himself and called for a supervisor.

### THE COURT'S ANALYSIS

Plaintiff asserts that Defendant was deliberately indifferent to his medical needs. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter*

3

*Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Eighth Amendment prohibits cruel and unusual punishments and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A prisoner's claim for deliberate indifference must establish both an objectively serious medical condition existed and that the defendant was subjectively aware of and consciously disregarded the prisoner's medical need. *Id.* at 837. Plaintiff claims Defendant was deliberately indifferent when she refused to provide him with fresh bandages. Plaintiff's complaint minimally states a claim for deliberate indifference. There are several problems Plaintiff may face, however. First, it is unclear whether the wounds he describes were serious. Second, it is unclear whether there was any harm caused by the delay in receiving fresh bandages. That said, I am unable to conclude at this stage that the complaint fails to state a claim, and so this claim will be allowed to proceed.

Plaintiff also asserts that Defendant was deliberately indifferent when she failed to prevent him from harming himself. Prison staff are under an obligation to protect inmates from self-harm, even those not suffering from serious mental illness. *Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 889 (E.D. Wis. 2006). Although courts have questioned whether guards or HSU personnel should be held responsible for harm that a prisoner intentionally inflicts on himself absent evidence of severe mental illness or incapacity such that the inmate is not responsible for his own behavior, *see id.* at 886–90; *Bowers v. Pollard*, 602 F. Supp. 2d 977, 993 (E.D. Wis. 2009), the law in this circuit is clear that "[r]eckless indifference to the risk of a prisoner's

4

committing suicide is a standard basis for a federal civil rights suit." *Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (citation omitted). Based on these principles, I conclude that the complaint minimally sets forth a claim. Therefore, Plaintiff may proceed on his deliberate indifference claims against Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $344.29 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 10th day of March, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court