UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XAVIER WATKINS,

        Plaintiff,

        v.                            Case No. 20-C-267

BARBARA KRAMER,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTIONS
TO RECRUIT COUNSEL AND TO COMPEL DISCOVERY**

Plaintiff Xavier Watkins, who was serving a state prison sentence at the time he filed this 42 U.S.C. § 1983 civil rights action but has since been released, alleges that his civil rights were violated. This matter comes before the court on Plaintiff's motions to recruit counsel and to compel. For the following reasons, the motions will be denied.

**A. Motion to recruit counsel**

Civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). District courts have the discretion to recruit counsel for individuals unable to afford counsel in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013) "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th

Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2)'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Plaintiff has not demonstrated that he made reasonable efforts to secure private counsel on his own. The court must deny "out of hand" a request for counsel made without a showing that Plaintiff made a reasonable attempt to recruit counsel." *See Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993). Accordingly, Plaintiff's motion to recruit counsel is denied. If Plaintiff chooses to renew his request for recruitment of counsel, he must show that he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

### B. Motion to compel

Plaintiff has also filed a motion to compel discovery. Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss his dispute with the opposing party's lawyer before asking the court to get involved. And, if they cannot work out the dispute and a party files a motion to compel, the party must include proof in his motion that he first tried to work it out with the opposing party's lawyer.

Plaintiff's motion is deficient because it does not indicate that Plaintiff attempted to contact Defendants' lawyer to resolve any discovery dispute before seeking relief from the court in

2

accordance with Local Rule 37. Therefore, the court will deny his motion as premature. Parties are often able to resolve their disputes without the court's help. Informal resolution without the court's involvement saves both the court and the parties time and resources. Ordinarily, plaintiffs contact defense counsel, preferably by letter, to get a better understanding of why the defendants did not timely respond to his discovery requests. It may be that the defendants require a short extension of time or that there is some confusion over the information the plaintiff seeks in his discovery requests  A brief discussion may easily resolve whatever issues exist and save the parties the time and effort of briefing a motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to recruit counsel (Dkt. No. 31) and motion to compel (Dkt. No. 32) are **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge